## Oswego Bank *vs.* Oswego Village.

A *bank* located in a village may be assessed for a *village tax* voted previous to the bank going into operation, if before the *assessment* be made the bank is deriving an income from its capital stock.

This was an action of *trespass*, brought by the bank of Oswego against the president and trustees of the village of Oswego, for the taking of $332 from the counter of the bank by the *collector* of the village, under a warrant issued by the defendants for the collection of a *village tax*, the sum taken being the amount assessed to the plaintiffs. The tax was voted at the annual village meeting in *May*, 1831, but the assessment was not completed until *February*, 1832. The Bank was incorporated the 14th *March*, 1831, but officers to conduct its affairs were not chosen until *July*, 1831; banking operations by the issuing of bills, &c. were not commenced until *September* following, and no *dividend* was declared until *July*, 1832, when

a dividend of *five per cent.* upon their capital stock was declared for the preceding ten months. The plaintiffs contended that under these circumstances they were not liable to be assessed, and the question was submitted to the court upon a case made.

ALBANY,
Oct., 1834.

Vanderzee
v.
M'Gregor.

THE COURT were of opinion, inasmuch as the plaintiffs were deriving an income from their capital stock at the time of the *assessment,* upon which a *dividend* was subsequently made, that they were liable to pay the sum assessed upon them, and according to the stipulation of the parties directed *judgment of nonsuit to be entered.*